UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> WESTVILLE CORRECTIONAL, <br><br> Defendant. | CAUSE NO. 2:25-CV-60-PPS-AZ |

OPINION AND ORDER

Larry Robinson, a prisoner without a lawyer, filed a complaint alleging he was required to make contaminated food when he was an inmate at the Westville Correctional Facility in 2018 and 2019. [ECF 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Robinson alleges he was ordered to make baked goods which contained mouse feces and insects. He alleges this was served to other inmates who ate it. He seeks monetary damages for the injury caused to those inmates and for the emotional injury he suffered because of his participation in making those baked goods.

Robinson is not a lawyer and may not represent other inmates. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Therefore, his claims based on injuries to others must be dismissed.

As for his claim of emotional injury, under 42 U.S.C. § 1997e(e), prisoners must make a showing of physical injury or the commission of a sexual act before recovering compensatory damages for mental or emotional injuries. Because he did not suffer any physical injury, Robinson cannot recover for emotional injuries. *Hacker v. Dart*, 62 F.4th 1073, 1078-79 (7th Cir. 2023).

The only defendant named in the complaint is the Westville Correctional Facility, but it is not a person for the purposes of 42 U.S.C. § 1983. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (a state agency is not a person that can be sued under section 1983) *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Moreover, the State of Indiana has sovereign immunity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In addition to all those reasons why this case must be dismissed, it is also untimely because it was not filed until six years after these events occurred. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely

action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted). Here, equitable tolling is inapplicable because Robinson knew of these events when they happened and he was not prevented from filing sooner because he was able to file an unrelated lawsuit in 2020 before the statute of limitations for these claims had expired: *Robinson v. LaPorte County Jail Staff*, 3:20-cv-524 (N.D. Ind. filed June 22, 2020). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Because it is legally frivolous to bring a claim after the statute of limitations has long since expired, this case will be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on February 10, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT